JOSEPH VOGEL, DEFENDANT IN ERROR, v. THE NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1902—Decided February 24, 1903.

1. Whether a child a little over seven years old, who had been injured by being run over by a car of defendant, was, or was not, *sui juris*, was a question for the jury, and also, if found *sui juris*, whether, taking into consideration his tender years, he was guilty of contributory negligence.
2. It is purely discretionary with the trial court to allow the plaintiff, after closing his case, to open it and introduce further evidence. Such an action affords no ground for review.

On error to the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *Chauncy H. Beasley.*

For the defendant in error, *Samuel Kalisch.*

PER CURIAM.

The defendant in error, the plaintiff below, sued to recover for personal injuries received by him by being run over by a car of the defendant company. At the close of the plaintiff's case there was a motion to nonsuit him on the ground that he was *sui juris* and was guilty of contributory negligence. The court refused to nonsuit, and this is assigned as error. We think the nonsuit was properly refused. The plaintiff was a little over seven years old. Whether he was, or was not, *sui juris* was a question for the jury. So, too, it was for the jury to say, even if they found him to be *sui juris,* whether, taking into consideration his tender years, he was guilty of contributory negligence.

Rosengarten v. Central R. R. Co.    *69 N. J. L.*

It is further alleged for error that the trial court, after the plaintiff had closed his case, permitted the case to be opened and further evidence introduced on his behalf. Such action on the part of the trial court is purely discretionary, and affords no ground for review.

As the evidence stood at the close of the case it was clearly for the jury to determine whether or not the plaintiff was entitled to recover. This being so, there was no error in the refusal of the trial judge to direct a verdict for the defendant.

We find no error in the charge of the court as delivered, nor in its refusal to charge certain of the requests submitted to it on behalf of the defendant.

The judgment below should be affirmed.